**UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE**

Gregory Alan Gaylor

   v.                                                              Civil No. 05-cv-339-PB

George W. Bush, et al.

**O R D E R**

Gregory Gaylor has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 alleging that he is entitled to release from the custody of the New Hampshire Department of Corrections ("NHDOC") (document no. 1). Gaylor alleges that his current detention violates the extradition treaty in force between Switzerland and the United States. On October 11, 2005, I recommended that the petition be dismissed because Gaylor had failed to demonstrate exhaustion of his claims (document no. 2). Gaylor has now filed "Petitioner's Memorandum of Law in Support of the Petition," (document no. 3) which I will accept as a request for reconsideration of the October 11 Report and Recommendation. Gaylor alleges that exhaustion of his claims in the state courts would be futile because the New Hampshire Supreme Court ("NHSC") has already ruled that Gaylor does not

have standing to challenge a violation of the extradition treaty. As discussed herein, I find that Gaylor has demonstrated that further exhaustion in the state courts would be futile given the NHSC's prior ruling in his case. Accordingly, I direct that Gaylor's petition proceed at this time.[1]

## Background

1. Extradition Treaty Violation

On June 29, 1999, Gaylor was sentenced on three counts of theft and one count of evasion of the New Hampshire business profits tax. Prior to serving his New Hampshire sentences, Gaylor fled to Switzerland, where he was arrested pursuant to a warrant in December of 1999. The United States requested that the Swiss government extradite Gaylor to serve those sentences. On May 1, 2000, the Swiss government granted the extradition

---

[1] This Court is aware that a previous petition for a writ of habeas corpus filed in this court was recently dismissed. See Gaylor v. New Hampshire State Prison, Warden, Civ. No. 04-372-PB Order of Jan. 24, 2006. I have determined that the prohibition against successive habeas petitions does not now apply because the instant petition was filed before the legality of his detention had been determined. See 28 U.S.C. § 2244(a) ("No circuit or district judge shall be required to entertain an application for a writ of habeas corpus to inquire into the detention of a person pursuant to a judgment of a court of the United States if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for a writ of habeas corpus.")

request as to the three theft sentences, but expressly refused to grant extradition on the tax evasion charge.  On July 21, 2000, Switzerland's Federal Supreme Court confirmed this decision in a final and enforceable order.

Gaylor has been incarcerated by the NHDOC since August 10, 2000, which is the date when he was extradited.  According to the NHDOC's offender records, which were included with Gaylor's original petition, the time Gaylor served from August 10, 2000 until July 6, 2005 was credited towards Gaylor's sentence on the tax evasion chareg.  On July 6, 2005, Gaylor's Swiss counsel notified the United States Department of Justice that Gaylor was serving a sentence not authorized by the extradition order.

On June 29, 2005, Gaylor notified Attorney John Vinson, counsel for the NHDOC, that he had been required to serve a sentence specifically excluded by the terms of Switzerland's grant of extradition.  Gaylor requested that Vinson resolve the matter immediately.  On July 1, 2005, Vinson responded to Gaylor as follows:

> I am not your attorney.  If you think that you are precluded from being sentenced for criminally disposing of over $600,000 of property in NH & convicted by a NH jury, you should consult with private counsel and see if you can convince a U.S. court to release you.  I do not anticipate that you will be successful.

On August 29, 2005, the United States Department of Justice ("DOJ") contacted the office of the New Hampshire Attorney General requesting confirmation that Gaylor had not been "detained" in connection with the tax evasion case, as such a detention would violate the extradition treaty.  On August 30, 2005, Assistant New Hampshire Attorney General Karen Huntress, on behalf of the NHDOC, represented to Gaylor's Swiss counsel that all of the time that Gaylor had served in New Hampshire was being credited toward his theft sentences and not his tax evasion sentence.  On September 5, 2005, Cynthia Crompton of the NHDOC confirmed for Gaylor in writing that Attorney Huntress had contacted Crompton and requested "deletion" of the tax evasion sentence, confirming that the credit Gaylor received was then reapplied to one of the theft sentences.  Although Gaylor understood that the tax evasion sentence was to have been "cancelled," on October 12, 2005, Crompton wrote to Attorney Huntress and advised her that "[o]n advice from Department of Corrections legal counsel, John Vinson, I have re-entered Merrimack Superior Court docket 98S486 [the tax evasion sentence] as a consecutive sentence."

2.  <u>Futility of Exhaustion</u>

In the spring of 2002, Gaylor filed a petition for a writ of habeas corpus in the state sentencing court. Among the fourteen claims in that petition, one claim alleged a violation of the same extradition treaty which Gaylor now claims was violated by the New Hampshire authorities. The sentencing court's order of August 2, 2002 denies habeas relief for that claim on the grounds that "the petitioner lacks standing to assert a violation of Switzerland's rights under the treaty." Gaylor then appealed the denial of his state habeas petition to the NHSC which declined the appeal on December 23, 2003 on the basis that "the trial court has issued an opinion identifying and discussing the issues presented, and the court does not disagree with the opinion." Although the precise treaty-related question before the NHSC in 2003 differs from the question presented now, Gaylor now alleges that the NHSC's decision in the 2003 case makes clear that any appeal to that Court based on the treaty would be unsuccessful as that Court has ruled that Gaylor does not have standing to challenge his sentence under the treaty.

Gaylor's objection argues that Gaylor, as the aggrieved prisoner, does in fact have standing to challenge a violation of

the extradition treaty.  In United States v. Rauscher, the Supreme Court held that:

> [U]nder the doctrine that the treaty is the supreme law of the land, and is to be observed by all the courts, state and national, 'anything in the laws of the states to the contrary notwithstanding,' if the state court should fail to give due effect to the rights of the party under the treaty, a remedy is found in the judicial branch of the federal government, which has been fully recognized. This remedy is by a writ of error from the supreme court of the United States to the state court which may have committed such an error. The case being thus removed into that court, the just effect and operation of the treaty upon the rights asserted by the prisoner would be there decided. If the party, however, is under arrest, and desires a more speedy remedy in order to secure his release, a writ of habeas corpus from one of the federal judges or federal courts, issued on the ground that he is restrained of his liberty in violation of the constitution or a law or a treaty of the United States, will bring him before a federal tribunal, where the truth of that allegation can be inquired into, and, if well founded, he will be discharged.

United States v. Rauscher, 119 U.S. 407, 430-431 (1886); see also United States v. Alvarez-Machain, 504 U.S. 655, 681 (1992) (Stevens, J., dissenting) (opining that Rauscher was correctly decided); see United States v. Saccoccia, 58 F.3d 754, 766 (1st Cir. 1995) (declining to reach the issue of standing of an extradited person to challenge a treaty violation because the issue was more easily dismissed on the merits but noting that "the side that favors individual standing has much to commend

6

it."); but see United States v. Nosov, 153 F.Supp.2d 477, 480 & n.2 (S.D.N.Y 2001) (acknowledging the holding in Rauscher and discussing split in federal circuit court authority regarding whether or not an extradited person has standing to raise the specialty doctrine for an alleged violation of right granted nder an international extradition treaty).[2]

## Discussion

A petition or claim is excepted from the requirement of exhaustion "only if there is no opportunity to obtain redress in state court of if the corrective process is so clearly deficient as to render futile any effort to obtain relief." Duckworth v. Serrano, 454 U.S. 1, 3 (1981); Gagne v. Fair, 835 F.2d 6, 9 (1st Cir. 1987). Petitioner claims that the NHSC's prior ruling regarding standing precludes his ability to obtain relief for this claim in that Court. Because the NHSC has already decided that Gaylor can bring no valid claim under the extradition treaty, I find that Gaylor has sufficiently alleged the futility of proceeding with exhaustion of his current claims in the state court. Accordingly, I will excuse Gaylor from the exhaustion

---

[2]I leave the decision as to whether or not the state courts correctly decided the standing issue to the District Judge to decide on the merits.

7

requirement and allow his petition to proceed in this Court at this time.

## Conclusion

I direct that the petition be served on the Respondent President of the United States and the Attorney General of the United States as the parties responsible for the petitioner's detention pursuant to an international treaty and the Commissioner of the NHDOC as the party having actual physical custody of petitioner.  See 28 U.S.C. § 2243.  The clerk's office is directed to forward to the United States Marshal for the District of New Hampshire (the "U.S. Marshal's office") this order, the Report and Recommendation (document no. 2), a copy of the habeas petition (document no. 1) and a copy of the objection to the Report and Recommendation (document no. 3).  Upon receipt of the necessary documentation, the U.S. Marshal's Office shall effect service upon respondents the President of the United States and the Attorney General of the United States by delivering a copy of the documents to the United States Attorney for the District of New Hampshire and by mailing a copy of the documents by registered or certified mail to the office of the Attorney General of the United States and the DOJ.  See Fed. R.

Civ. P. 4(i)(2)(A).  The clerk's office is further directed to deliver a copy of the above-referenced documents to the U.S. Marshall's for service on Stephen Curry, the NHDOC Commissioner, by delivering the documents to Commissioner Curry.[3]  The Clerk's office should also send a courtesy copy of the documents to the New Hampshire Attorney General's Office.

The respondents shall file answers or other pleadings no later than twenty days from the date of service of this Order.  <u>See</u> 28 U.S.C. § 2243.  Upon receipt of the response, the court will determine whether a hearing is warranted.

Petitioner is referred to Fed. R. Civ. P. 5, which requires that every pleading, written motion, notice, and similar paper, after the original petition or complaint, shall be served on all

---

[3] Ordinarily, service on the NHDOC Commissioner would be made by delivering the documents to the office of the New Hampshire Attorney General.  In this case, however, one or more attorneys in the New Hampshire Attorney General's office may be witnesses in this case and therefore, both the NHDOC Commissioner and the office of the Attorney General may have to seek the services of outside counsel in this matter.

parties. Such service is to be made by mailing the material to the parties' attorneys.

**SO ORDERED.**

                                              /s/ James R. Muirhead
James R. Muirhead
United States Magistrate Judge

Date:   January 30, 2006

cc:   Gregory Gaylor, *pro se*