UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

**Gregory Alan Gaylor**

  **v.**           Case No. 05-cv-339-PB
                  **2006 DNH 073**
**George W. Bush, et al.**


**O R D E R**

On May 22, 2006, I directed Gregory Gaylor to show cause as to why his habeas corpus petition should not be dismissed. See Doc. No. 47. Gaylor has responded with a Motion to Reconsider (Doc. No. 54). After briefly describing the case, I explain why I deny Gaylor's motion and dismiss his petition.

**BACKGROUND**

Gaylor was convicted and sentenced on four charges.[1] Three of the charges (469, 471 and 474) were for theft and the fourth (468) was for tax evasion. The court imposed 7-1/2 to 15-year sentences on charges 469 and 471 and 3-1/2 to 7-year sentences on charges 468 and 474. The court specified that the sentences on

---

[1] I have provided a more detailed description of the state court proceedings in Gaylor v. Warden, 2006 DNH 14.

charges 469 and 471 were to be concurrent with each other, the sentences on charges 468 and 469 were to be consecutive to each other, and the sentence on charge 474 was to be consecutive to both the sentence on charge 468 and the sentence on charge 469. See Ex. 2 to Answer (Doc. No. 15, Att. 4).

Gaylor was later detained in Switzerland.  The Swiss government ultimately approved Gaylor's extradition on the theft charges (469, 471 and 474) but refused to extradite him on the tax evasion charge (468).  See Ex. 1 to Compl. (Doc. No. 1, Att. 1).

The New Hampshire Department of Corrections erroneously treated Gaylor as if he had been sentenced to serve concurrent sentences on charges 468, 469 and 471.  See Exs. 8-10 to Answer (Doc. No. 15, Att. 10-12).  Thus, it simultaneously credited Gaylor for "good time" earned on all three sentences even though his sentence on charge 468 was intended to be consecutive to his sentence on charge 469.

On May 12, 2006, Superior Court Justice Kathleen McGuire granted the state's motion to stay the imposition of the sentence on charge 468.  The order further provides that: (1) Gaylor shall continue to serve his sentences on charges 469 and 471 and

receive appropriate confinement credit for those charges; (2) Gaylor shall serve the sentence on charge 474 after he has completed his sentences on charges 469 and 471; and (3) Gaylor shall be given 45 days after he completes his sentences on charges 469, 471 and 474 to leave the United States before he can be required to serve his sentence on charge 468.  See Ex. 2 to Second Motion for the Supplemental Amendment of the Petition for Writ of Habeas Corpus (Doc. No. 57, Att. 3).

## ANALYSIS

The extradition treaty between Switzerland and the United States provides in pertinent part that

> [a] person who has been extradited shall not be detained, proceeded against or sentenced for any offense committed prior to surrender other than that for which extradition has been granted . . . unless . . . that person, after being free to do so, does not leave the territory of the Requesting State within 45 days or, after leaving, voluntarily returns to it; or that person, not being free to do so, leaves the territory of the Requesting State and returns to it.

Extradition Treaty, Nov. 14, 1990, U.S.-Switzerland, Article 16(1), 1990 WL 624655.

Gaylor argues that the Department of Corrections violated Article 16(1) of the extradition treaty by detaining him on

charge 468 even though he was not extradited on that charge. He further contends that this treaty violation requires his immediate release. I disagree.[2]

Even if I assume that Gaylor is correct in claiming that the Department of Corrections violated the extradition treaty, any harm that Gaylor suffered as a result of the violation was fully addressed by the state court's order granting the state's motion to stay the sentence on charge 468. As it now stands, Gaylor is serving only the sentences on which he was extradited. He has been given full credit against these sentences for all time he has served since his extradition. He cannot be made to serve any portion of his sentence on charge 468 until he completes his sentences on the charges for which he was extradited and is given an opportunity to leave the United States. He is entitled to nothing more. Therefore, his motion to reconsider (Doc. No. 54) is denied and his habeas corpus petition is dismissed.

---

[2] The state has argued that Gaylor lacks standing to base a claim for relief on the extradition treaty. The standing question is difficult. The First Circuit has not addressed the question and the other circuits are split. See, e.g., United States v. Garrido-Santana, 360 F.3d 565, 579 n.10 (6th Cir. 2004) (describing circuit split). I decline to reach this issue because I determine that Gaylor is not entitled to habeas corpus relief under the treaty even if he has standing.

SO ORDERED.

/s/Paul Barbadoro
Paul Barbadoro
United States District Judge

June 21, 2006

cc: Gregory Alan Gaylor, pro se
    Peter Papps, Esq.
    Simon Brown, Esq.